UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BRENDA MOORE** | * | **CIVIL ACTION NO. 18-0539** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **AMY ELLENDER, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On April 19, 2018, pro se plaintiff Brenda Moore filed the instant civil rights action against defendants, Amy Ellender and James Yeldell. *See* Complaint, doc. # 1. After reviewing the complaint, the undersigned recommends that this case be dismissed, with prejudice because Moore's claims are barred by *res judicata,* and, as this court previously ruled, because the lawsuit is frivolous. It is further recommended that, as a sanction for plaintiff's continued filing of frivolous claims, she be barred from proceeding *in forma pauperis* in this court.

## Background

**I.    The First Law Suit.**

On February 6, 2012, Moore filed a civil rights action against defendants, the Louisiana Supreme Court; the Louisiana Court of Appeals for the Second Circuit; the Fourth Judicial District Court for the Parish of Morehouse; Attorney Amy Ellender; Attorney James Yeldell; Frank Moore, Sr.; Elnora Thomas; and Judge Scott Leehy. *Moore v. Yeldell* (3:12-cv-00364), doc. # 1. Moore sought to collaterally challenge the disposition of her then ongoing Louisiana state court petition by asserting that all three levels of the state court system, the state district court judge, plus others, violated her constitutional rights under the 14th and 15th Amendments. *Id.* Moore sought a judgment reversing or reforming her father's 1972 succession proceedings to

place her in possession of her father's immovable property, plus $50,000 in damages. *Id*.

On March 9, 2012, the undersigned entered a Report and Recommendation, recommending that the case be dismissed for multiple reasons. *Moore v. Yeldell* (3:12-cv-00364), doc. # 7.  The undersigned reasoned that Moore failed to state a claim for violation of her right to vote under the Fifteenth Amendment; the Louisiana District Court and Court of Appeals were not subject to suit under Louisiana law; the Louisiana Supreme Court was entitled to Eleventh Amendment Immunity; Judge Leehy was entitled to judicial immunity on Moore's individual capacity claims against him; the Court lacked subject matter jurisdiction over Moore's official capacity claims against Judge Leehy; Ms. Ellender was entitled to immunity; Moore failed to state a claim against Mr. Yeldell, Mr. Moore, and Ms. Thomas; and that Moore's claims for declaratory relief were subject to dismissal under controlling Supreme Court precedent. *Id.*

On April 20, 2012, the Court adopted the Report and Recommendation. *Moore v. Yeldell* (3:12-cv-00364), doc. # 10.  On June 7, 2012, Moore filed her notice of appeal. *Moore v. Yeldell* (3:12-cv-00364), doc. # 12.  On August 16, 2013, the Fifth Circuit affirmed the District Court. *Moore v. Yeldell*, 537 F. App'x 412 (5th Cir. 2013).

## II.     The Second Law Suit.

On March 3, 2017, Moore filed another civil rights action against defendants Judge Robert Farr, James Yeldell, Amy Ellender; Judge Scott Leehy; Frank Moore, Sr.; Elnora Thomas; and Judge Wendell Manning. *Moore v. Farr* (3:17-cv-00349), doc. # 1.  Moore again asserted claims arising out of her father's 1972 succession proceedings, which were essentially the same claims as she asserted in her 2012 civil rights action. *Id.*  On April 7, 2017, the Court entered an order striking the complaint for failure to comply with Fed. R. Civ. P. 11.  *Moore v.*

*Farr* (3:17-cv-00349), doc. # 5. On May 11, 2017, the Court entered an order denying Moore's motion to reinstate the case. *Moore v. Farr* (3:17-cv-00349), doc. # 8. The Court held that any effort to cure the deficiency would be futile because Moore's claims were barred by *res judicata* and judicial immunity. *Id.* On June 5, 2017, Moore filed a notice of her appeal to the Fifth Circuit. *Moore v. Farr* (3:17-cv-00349), doc. # 9. On October 24, 2017, the Fifth Circuit entered its judgment holding that it was without jurisdiction to hear a direct appeal from a magistrate judge's ruling where no objection was filed with the district court. *Moore v. Farr* (3:17-cv-00349), doc. # 13.

**III.    The Instant Law Suit.**

On April 19, 2018, Moore filed the instant civil rights action against defendants, Amy Ellender and James Yeldell. *See* Complaint, doc. # 1. Moore again asserts claims arising out of her father's 1972 succession proceedings, which are essentially the same claims as she asserted in her 2012 and 2017 civil rights actions. *Id*. On April 30, 2018, the Court granted Moore's motion to proceed *in forma pauperis*. *See* Order, doc. # 4.

<u>**Law and Analysis**</u>

**I.    *Res Judicata.***

The instant suit is barred by the doctrine of *res judicata*, which encompasses two separate, but linked preclusive doctrines: "(1) true *res judicata* or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013) (citations omitted). True *res judicata* "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* Generally, *res judicata* is an

affirmative defense that must be pleaded by the defendant, not raised *sua sponte*. *Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281-82 (5th Cir. 2001). One exception to the foregoing principle, however, is when, as here, both actions were brought before the same court. *Id.*

Moore's claims are clearly barred by *res judicata*: (1) the parties herein were parties identically situated in Moore's 2012 and 2017 civil rights actions; (2) this court enjoyed jurisdiction over Moore's claims against Ellender and Yeldell in the previous actions; (3) Moore's 2012 civil rights action was concluded by final judgment on the merits; and (4) the facts set forth in Moore's complaint are the same facts that formed the basis for her 2012 and 2017 civil rights actions.

## II.  The Complaint is Subject to Dismissal.

In addition to being barred by *res judicata*, Moore's claims against Yeldell and Ellender are subject to dismissal for the same reasons the Court dismissed those claims in Moore's 2012 action. Where, as here, the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action: proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity. *See* 28 U.S.C. 1915(e)(2)(B) & (C). The court may screen the complaint and enter such dismissals, *sua sponte*. *See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. Appx. 433, 440 (5th Cir. July 13, 2010) (unpubl.); *Chapman v. Arlington Housing Authority*, 145 Fed. Appx. 496 (5th Cir. Oct. 12, 2005) (unpubl.). In so doing, the court may consider affirmative defenses that are apparent from the record. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

An early determination of the merits of an IFP complaint provides significant benefit to courts (because it permits effective and efficient use of scarce resources), to defendants (because

it frees them from the burdens of patently meritless and harassing litigation), and to plaintiffs (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). *See Ali*, supra.

    A.    *Ellender enjoys quasi-judicial immunity.*

Moore alleges that Ellender, as a court-appointed curator ad hoc: delayed the state court action for her own monetary gain and filed misleading material documents. *See* Complaint, doc. # 1, p. 4. The undersigned observes, however, that Moore's allegations against Ellender stem from her duties as a court-appointed curator ad hoc. As such, she necessarily functioned as an agent of the court and enjoys absolute quasi-judicial immunity for those activities which are integrally related to the judicial process. *See Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989) (and cases cited therein) (discussing immunity for guardian ad litem); *see also Gaddis v. United States*, 381 F.3d 444 (5th Cir. 2004) (citing *Cok v. Cosentino*'s finding that guardians ad litem are entitled to quasi-judicial immunity). Plaintiff's claims against her are, once again, frivolous.

    B.    *Moore fails to state a claim for relief under § 1983.*

Moore claims violation of her Constitutional rights arising under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show not only that she suffered the deprivation of a specific right secured by the Constitution of the United States, but also that the deprivation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994).; *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993). In other words, the party charged with the constitutional deprivation must be a person who may fairly be said to be a state actor. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citation omitted). "[T]he under-color-of-state-law

element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoted source omitted).

Moore contends that Yeldell, while acting as attorney for Frank Moore, Sr. and Elnora Thomas, fraudulently and without notice opened state succession proceedings to deprive Moore of certain real and personal property located in Morehouse Parish, Louisiana. *See* Complaint, doc. # 1, p. 4. Moore further alleges that Yeldell and Ellender perpetuated this fraud for their own personal gain. *See id.* It is well-established that "[a] private citizen does not become a state actor simply by filing a private civil action, even where authorized by state statutes . . ." *Johnson ex rel. Wilson v. Dowd*, 305 Fed. Appx. 221 (5th Cir. Dec. 15, 2008) (unpubl.) (citation and internal quotation marks omitted). Furthermore, the complaint does not contain any factual allegations sufficient to confer state actor status upon Yeldell via a conspiracy claim with Ellender. *See Johnson*, supra (vague and conclusory allegation that defendants acted "in concert and under the color of authority" to violate the plaintiffs' constitutional rights did not suffice to withstand dismissal). Therefore, Moore once again fails to state a cognizable civil rights claim against Yeldell.

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED**, with prejudice. **IT IS FURTHER RECOMMENDED** that, as a sanction for plaintiff's continued filing of frivolous claims, she be barred from proceeding *in forma pauperis* in this court for any future filings.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

6

objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of May, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE